IN THE COMMONWEALTH COURT OF PENNSYLVANIA

786KTZ, LLC                :
                           :
          v.             : No. 883 C.D. 2020
                           : Argued: April 15, 2021
Zoning Hearing Board of    :
Lancaster Township         :
                           :
Appeal of: Lancaster Township  :

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED: August 23, 2021

Lancaster Township (Township) appeals the August 7, 2020 order of the Lancaster County Court of Common Pleas (trial court), granting 786KTZ, LLC's (KTZ) land use appeal, reversing the May 28, 2019 decision and order of the Lancaster Township Zoning Hearing Board (ZHB). Upon review, we affirm.

KTZ is the owner of 1000 Columbia Avenue, Lancaster Township, Lancaster County, Pennsylvania (the Property), at which it owns and operates a convenience store and gas station. KTZ has four Pace-O-Matic machines (Machines)[1] in the convenience store at the Property.

---

[1] In *POM of Pennsylvania, LLC v. Department of Revenue*, 221 A.3d 717, 736 (Pa. Cmwlth. 2019), this Court held that Section 1103 of the Pennsylvania Race Horse Development and Gaming Act, 4 Pa. C.S. §1103, is not applicable to the Machines because they are unlicensed

**(Footnote continued on next page…)**

On March 8, 2019, Township issued a notice of violation to KTZ, stating that the Machines at the Property are in violation of Section 1509.3 of the Township Zoning Ordinance, and requested that KTZ remove the Machines by March 31, 2019. Reproduced Record (R.R.) at 16a-18a. KTZ appealed the notice of violation to the ZHB. On April 23, 2019, the ZHB held a hearing at which KTZ's owner, Mr. Mughal, and the Machine vendor, Mr. Bowman, testified. The testimony revealed that the Machines are not yet regulated by the state, but are similar to Pennsylvania Lottery machines in that a patron must be 18 years old to play. The Machines have games of skill that a patron pays cash to play and may win cash. KTZ has several Pennsylvania Lottery machines at the Property, as well. *Id.* at 33a-43a.

On May 28, 2019, the ZHB denied KTZ's appeal, finding:

> 3. [KTZ's] main argument is that because these [M]achines require the patrons to be 18 years or older, these are not the types of game that fall under the definition of "arcade machines or arcade games[,]" as used in the [Zoning Ordinance].
>
> 4. While the [Zoning Ordinance] does not contain a definition of "arcade games[,]" it does provide a definition of "amusement arcade." An amusement arcade is defined in Section 201 of the [Zoning Ordinance] as "a commercial establishment which provides a principal use involving amusement devices and/or games of skill or chance (*e.g.*, pinball machines, video games, skee-ball, electronic or water firing ranges and other similar devices)."

slot machines located in unlicensed facilities. The Court did not determine whether the Machines are an *illegal* gambling device under the Crimes Code, 18 Pa. C.S. §§101-7707. Additionally, in *In re Pace-O-Matic, Inc. Equipment, Terminal I.D. No. 142613* (C.P. Beaver, No. M.D. 965-2013, filed December 23, 2014), slip op. at 10-12, the Court of Common Pleas of Beaver County concluded that the Machines are not gambling devices *per se* because the outcome of the games was determined by skill, not chance.

5. It is clear, therefore, that the [Zoning Ordinance] sought to include games of skill as a game that would be found in an arcade, and therefore not permitted in a convenience store.

R.R. at 271a-74a.

On June 27, 2019, KTZ filed a notice of land use appeal in the trial court and Township intervened. KTZ argued that the ZHB erred by ignoring the rules of statutory construction when determining the meaning of "arcade games" as used in the Zoning Ordinance. KTZ further argued that the ZHB ignored substantial evidence that the Machines are not "arcade games."

On August 7, 2020, without taking additional evidence, the trial court reversed the ZHB's decision and granted KTZ's land use appeal. The trial court found that

[as] the Zoning Ordinance does not define the term "arcade games," the [trial court] agrees with KTZ that the [ZHB] was required to interpret the meaning of "arcade games" through the common usage of the term by dictionary definitions or extrinsic evidence. However, the [ZHB] relied solely upon the Zoning Ordinance's definition of "amusement arcade" in Section 201 to interpret the definition of "arcade games" in its [d]ecision to uphold the notice of violation against [KTZ]. The [ZHB] did not use any other evidence, including dictionary definitions or common usage, to interpret the definition of "arcade games" in its [d]ecision.

[KTZ] argues that the term "amusement arcade" applies to an establishment and defines a type of use permitted by the Zoning Ordinance but does not reference the term "arcade games" to which the court agrees. Further, as [KTZ] notes, it is undisputed the Property is a convenience store with a gas station and not an amusement arcade. Therefore, the [trial court] finds that the definition of "amusement arcade" in Section 201 of the Zoning Ordinance cannot provide a logical basis for determining

3

whether the Machines are "arcade games" under Section 1509.3 of the Zoning Ordinance.

* * *

Upon review of the testimony and evidence presented by [KTZ] at the hearing before the [ZHB] as well as [KTZ's land use appeal], [the trial court] finds substantial differences between the Machines and the types of games listed in connection with the definition of "amusement arcade" in Section 201 of the Zoning Ordinance[,] which the [ZHB] failed to consider or explain in its Decision. Therefore, the [trial court] finds the [ZHB] lacked the support of substantial evidence that the Machines are "arcade games" prohibited by the Zoning Ordinance in its [d]ecision to uphold the notice of violation against [KTZ] and thus abused its discretion.

R.R. at 280a-82a. Township then appealed the trial court's order to this Court.

On appeal,[2] Township argues that the ZHB properly used Section 201's definition of "amusement arcade" in conjunction with Section 1509 in determining what constitutes an arcade game. Township further argues that the ZHB properly determined that the Machines are arcade games under the Zoning Ordinance.

KTZ argues that the trial court properly found the ZHB abused its discretion when it failed to consider common usage, dictionary definitions, and extrinsic evidence in interpreting the term "arcade machines and games" when the Zoning Ordinance failed to define the term. KTZ further argues that the ZHB failed to construe the ambiguity in the Zoning Ordinance in the light most favorable to the landowner. KTZ argues that the trial court properly reversed the ZHB's decision.

---

[2] In a land use appeal where the trial court does not take additional evidence, our scope of review is limited to determining whether the ZHB committed an error of law or abuse of discretion. *Riverfront Development Group, LLC v. City of Harrisburg*, 109 A.3d 358, 363 n.8 (Pa. Cmwlth. 2015).

4

"The interpretation of a statute or ordinance presents this Court with a pure question of law, which is generally subject to plenary review." *Kohl v. New Sewickley Township Zoning Hearing Board*, 108 A.3d 961, 968 (Pa. Cmwlth. 2015). However, courts traditionally give deference to the agency charged with administering the ordinance. *In re Thompson*, 896 A.2d 659, 669 (Pa. Cmwlth. 2006).

The rules of statutory construction are applicable to ordinances. *In re Thompson*, 896 A.2d at 669. The primary objective of statutory interpretation is to determine the intent of the enacting legislation. Section 1921 of the Statutory Construction Act of 1972 (Act), 1 Pa. C.S. §1921. A statute's or ordinance's plain language generally provides the best indication of legislative intent, and therefore, statutory construction begins with an examination of the text itself. *Malt Beverages Distributors Association v. Pennsylvania Liquor Control Board*, 918 A.2d 171, 176 (Pa. Cmwlth. 2007). Section 1903(a) of the Act states:

> Words and phrases shall be construed according to the rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

1 Pa. C.S. §1903(a). In relevant part, the Zoning Ordinance states:

> 201.13. Amusement Arcade: A commercial establishment which provides as a principal use involving amusement devices and/or games of skill or chance (e.g., pinball machines, video games, skee-ball, electronic or water firing ranges and other similar devices).

> * * *

Section 1509 Convenience Store.

5

Convenience stores shall comply with the following requirements.

1509.1  Minimum Lot Width: Sixty (60) feet at the street right-of-way line.

1509.2  The facility shall have lot frontage on, and provide access to, an arterial road.

1509.3  ***No arcade machines or games, such as video machines, pinball machines, or similar devices shall be permitted***.

R.R. at 74a, 188a (emphasis added).

Here, the Zoning Ordinance fails to define "arcade machines or games," but does provide a definition for "amusement arcade." The ZHB used the defined term "amusement arcade" to interpret the undefined term "arcade games." The trial court held that the ZHB erred by

> [s]olely relying upon the definition of "amusement arcade" in Section 201 of the Zoning Ordinance, [and] ignored critical distinctions between the Zoning Ordinance's defined term "amusement arcade" and the undefined term "arcade game" it was required to interpret. Thus, as there is a presence of doubt whether the Machines are "arcade games" under the Zoning Ordinance and therefore prohibited on the Property, the [trial court held] that the Board erred as a matter of law in upholding the notice of violation against [KTZ].

R.R. at 281a.[3]

We agree. The ZHB has taken the defined term "amusement arcade" and used the list of examples contained in its definition as the definition for the undefined term, "arcade game." However, "[u]ndefined terms are given their plain

---

[3] Likewise, Section 603.1 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10603.1, provides that where doubt exists, the Zoning Ordinance language "shall be interpreted . . . in favor of the property owner and against any implied extension of the restriction."

meaning, and any doubt is resolved in favor of the landowner and the least restrictive use of the land." *Caln Nether Co., L.P. v. Board of Supervisors of Thornbury Township*, 840 A.2d 484, 491 (Pa. Cmwlth. 2004). To define an undefined term, we may consult definitions in statutes, regulations or dictionaries. *Id.*

Here, the ZHB did not attempt to determine the usual and ordinary meaning of the term "arcade game." Merriam-Webster's Dictionary defines "arcade game" as "a usually coin-operated game designed for play at an amusement arcade." "Arcade Game." *See* https://www.merriam-webster.com/dictionary/arcade%20game (last visited August 20, 2021). Based on a review of the plain meaning of the term, we are convinced the ZHB improperly construed the Zoning Ordinance. Therefore, we find the trial court did not err in reversing the ZHB's denial of KTZ's land use appeal.

Next, Township argues that the trial court erred in concluding the ZHB ignored substantial evidence that the Machines are arcade games under the Zoning Ordinance. "An abuse of discretion will be found only if the zoning board's findings are not supported by substantial evidence, that is, such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Zoning Hearing Board of Sadsbury Township v. Board of Supervisors of Sadsbury Township*, 804 A.2d 1274, 1278 (Pa. Cmwlth. 2002).

The record contains evidence that the Machines are not arcade games, but rather are similar to the Pennsylvania Lottery games in the store. The Machines are only available for use by adults over the age of 18, and are games of skill in which a patron may win cash. R.R. at 33a-43a.

The trial court, after considering the testimony before the ZHB, held that the ZHB's decision failed to consider or explain its determination that the

7

Machines are arcade games. We agree. The ZHB concluded, without explanation or examination, that "[i]t is clear . . . that the [Zoning] Ordinance sought to include games of skill as a game that would be found in an arcade, and therefore not permitted in a convenience store." R.R. at 273a. The ZHB decision lacks substantial evidence in support of its conclusion.

Therefore, we affirm the trial court's order granting KTZ's land use appeal.

 

 

_____
MICHAEL H. WOJCIK, Judge

Judge Crompton did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

786KTZ, LLC                    :

                                :

       v.                  : No. 883 C.D. 2020

                                  :

Zoning Hearing Board of      :

Lancaster Township          :

                                  :

Appeal of:  Lancaster Township  :

# **O R D E R**

AND NOW, this 23rd day of August, 2021, the August 7, 2020 order of the Lancaster County Court of Common Pleas is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge